Heidelbach *v.* Jacobi.

CHRISTINA HEIDELBACH

*v.*

SOPHIA JACOBI and others.

The twenty-third section of the mechanics' lien law (*Rev. p.* 673), provides that mortgages and other encumbrances created and recorded or registered prior to the commencement of the building, shall have priority over all subsequent builders' liens upon the lands and upon the erections thereon, *except such as may be removable as between landlord and tenant, &c. Held,* that this exception only applies to such buildings erected by tenants on leased lands as are by law removable as between landlord and tenant.

Bill to foreclose. On final hearing on bill and answer.

*Mr. A. D. Campbell*, for complainant.

*Mr. H. K. Coddington,* for defendants.

THE CHANCELLOR.

The contest is between one who purchased the mortgaged premises at sheriff's sale, under execution on a judgment on a mechanics' lien claim, and a mortgagee of the premises, whose mortgage was registered before the commencement of the building, for work whereon and materials wherefor the lien was claimed. The purchaser insists that the sheriff's deed conveyed to him the building free of the encumbrance of the mortgage. The building, which is in the village of Carlstadt, in Bergen county, is of brick, and was built on a stone

Heidelbach *v.* Jacobi.

foundation, with a cellar, in the ordinary way. It was built by the mortgagor, who owned the land, for occupation by himself and family. Part of the first floor was designed for a store, in which the mortgagor, or his wife, intended to carry on the business of manufacturing and selling artificial flowers. The rest of the house was intended for the residence of the mortgagor and his family. The twenty-third section of the mechanics' lien law (*Rev. p.* 673) provides that mortgages and other encumbrances created and recorded or registered prior to the commencement of the building, shall have priority to all subsequent builders' liens upon the lands and upon the erections thereon, except such as may be removable as between landlord and tenant, which may be sold and removed, by virtue of any building lien for the construction of the same, free from such prior encumbrances. The counsel of the purchaser contends that the words "removable as between landlord and tenant," in that section, are descriptive of the class or character of buildings which the legislature intended to declare to be subject to mechanics' lien paramount to any prior mortgage upon the land; and that, if the building be of such character as that, if built by a tenant on leased premises, it would be removable as between him and his landlord as a trade fixture, a mechanics' lien for building it will, under the statute, be paramount to any encumbrance existing on the land when the building was begun, although the building be not a trade fixture, but was erected by the owner of the land for his own occupation. This position cannot be maintained. The legislature merely intended, by the language in question, to except from the provision reorganizing the priority of mortgages and other encumbrances existing at the time of the commencement of the building, such buildings erected by tenants, on leased land, as are by law removable as between landlord and tenant. The mortgage in the present case is entitled to priority over the title of the purchaser under the judgment on the lien claim. That part of the

mortgaged premises which is not covered by the lien claim can be sold separately, without prejudice to the rights of any party in interest. It will be first sold to raise the money due the complainant on his mortgage.